# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**RAYMOND M. PFEIL, et al.,**

    **Plaintiffs,**

**CASE NO. 09-CV-12229**

**HON. DENISE PAGE HOOD**

**v.**

**STATE STREET BANK AND TRUST COMPANY,**

    **Defendant.**

                                                       /

## ORDER REGARDING VARIOUS NON-DISPOSITIVE MOTIONS

This matter is before the Court on various non-dispositive motions filed by the parties. Responses and replies have been filed.

### I. MOTIONS TO STRIKE BY DEFENDANT

Defendant seeks to strike Plaintiffs' Statement of Undisputed Facts attached to Plaintiffs' Motion for Summary Judgment. Defendant also seeks to strike Plaintiffs' separate Response to Defendant's Statement of Facts asserting it is a further response which the rules do not so allow. Plaintiffs claim that the rules do not prohibit the filing of such documents.

This Court's review of Plaintiffs' separate Statement of Undisputed Facts shows that it appears to be a summary of all the facts Plaintiffs are relying upon in their

Motion for Summary Judgment. These "Undisputed Facts" are further summaries in addition to facts set forth in Plaintiffs' Motion for Summary Judgment. This separate statement of "Undisputed Facts" and Plaintiffs' separate "Response" to Defendant's statement of facts are not the usual manner in which parties in this district submit facts they rely upon in a summary judgment motion or dispute facts submitted by the opposing party. Plaintiffs' two separate filings appear to circumvent the page limitations set forth in the local rules. Plaintiffs' two separate filings should have been included in their briefs, with the appropriate exhibits as support.[1] However, the Court has the discretion to allow filings separate from the parties' main brief. Since the parties have had more than their opportunity to file briefs in this matter, the Court will not strike Plaintiffs' submissions, although Plaintiffs' counsel should be more cognizant of the spirit of the local rules.

**II.    MOTIONS TO EXCLUDE EXPERT REPORTS**

Each party filed various motions to exclude the opposing party's expert reports in support of each summary judgment motion. Rule 702 of the Rules of Evidence provides the rule for qualification of experts:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to

---

[1] The parties are referred to E.D. Mich LR 7.1 and CM/ECF Pol. & Proc. R5 and R18 governing filing of motions, briefs and exhibits. See, www.mied.usourts.gov.

> determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto *in the form of an opinion or otherwise*, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (emphasis added). Rules 702 and 703 permit expert opinion *testimony* not opinions contained in documents prepared out of court. *Engebretsen v. Fairchild Aircraft Corp.,* 21 F.3d 721, 728 (6th Cir. 1994). Rules 702 and 703 do not permit the admission of materials relied on by an expert witness for the truth of the matters they contain if the materials are otherwise inadmissible. *Id.* Rule 703 specifically allows an expert to rely on inadmissible facts or evidence. It is well-settled that it is the sole province of the court to determine the applicable law and expert testimony expressing a legal conclusion is not allowed. *Berry v. City of Detroit,* 25 F.3d 1342, 1354 (6th Cir. 1994); *In re Delphi Corp. Securities, Derivative & ERISA Litigation,* 602 F.Supp. 2d 810, 829 n. 10 (E.D. Mich. 2009).

The Court finds that the experts designated by the parties appear to have the requisite education or experience in the appropriate fields. The Court will not strike the expert reports based on lack of expertise. It is noted that the Court, not a jury, is the one reviewing these reports. However, inasmuch as any of the expert reports submitted by the parties opine on a legal conclusion, the Court will not consider such.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Strike Plaintiffs' Statement of Undisputed Facts **(Doc. No. 107)** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Exclude Expert Reports of Alan Biller **(Doc. No. 108)** is DENIED, but GRANTED as to any legal conclusions provided.

IT IS FURTHER ORDERED that Plaintiffs' Motion in Limine to Exclude Reports and Opinions of Stephen Hartman and Howard Kaplan **(Doc. No. 115)** is DENIED, but GRANTED as to any legal conclusions provided.

IT IS FURTHER ORDERED that Plaintiffs' Motion in Limine to Exclude Report and Opinions of Kenneth K. Lehn **(Doc. No. 116)** is DENIED, but GRANTED as to any legal conclusions provided.

IT IS FURTHER ORDERED that Plaintiffs' Motion in Limine to Exclude Report and Opinions of Martin B. Zimmerman **(Doc. No. 117)** is DENIED, but GRANTED as to any legal conclusions provided.

IT IS FURTHER ORDERED that Defendant's Motion to Strike the Untimely Second Expert Report of Blain Nye **(Doc. No. 126)** is DENIED, the Court noting that this report is not purported to be an expert report by Plaintiffs.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiffs' Response to Defendant's Statement of Facts **(Doc. No. 127)** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File Reply Brief **(Doc. No. 139)** IS GRANTED.

s/Denise Page Hood
Denise Page Hood
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 31, 2014, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager, (313) 234-5165
